**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESUS GARCIA-GARCIA,

Petitioner,

v.

Case No. 2:26-cv-03659-MIS-JHR

WARDEN, in his Official Capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Jesus Garcia-Garcia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 26, 2026. Petitioner is a citizen of Mexico who has resided in the United States for at least 22 years. See Pet. at ¶ 18. He has resided in the same residence in Oceanside, California since 2007 with his wife and four children, three of whom are United States citizens. Id. at 19. He has been employed as a landscaper, his parents are lawful permanent residents, and he is a member of a local church. Id. In addition, Petitioner has no criminal history. Id.

Nevertheless, on October 9, 2026, he was detained at the Otay Mesa Detention Center, in California, and served with a Notice to Appear for removal proceedings. Id. at 20. He requested a custody redetermination on October 19, 2026. Id. at 21. On October 20, 2026, the Immigration Court set a hearing for October 29, 2026. Id. However, at some point prior to October 23, 2026, just three days after the custody redetermination hearing was set, United States Department of Homeland Security ("DHS") transferred him from a facility in California to the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 23. He has remained there since. Id. Petitioner was not provided a custody redetermination hearing, nor did DHS change the venue of his removal proceedings. Id. at ¶¶ 24, 31. As a result, Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, his Fifth Amendment right to due process, and his statutory right to counsel und er 8 U.S.C. §§ 1229a(b)(4)(A), 1362. Id. at ¶¶ 29-35. He seeks a custody redetermination or further relief as the Court deems just and proper. Id. at p. 9.

On November 2, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 8. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

As of the date of this Order, Respondents have not filed a response. See generally ECF. A party who fails "to file a response within the time specified . . . waives the right to respond or to controvert the facts asserted in the . . . motion." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Accordingly, the Court finds that Respondents' failure to respond to the Petition and Order

to Show Cause constitutes a concession that Petitioner is being detained in violation of the INA and that Santillan Quiroz requires habeas relief.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates 8 U.S.C. § 1226(a), and, as such, he is entitled to habeas relief.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore the Court deems his immediate release to be just and proper under the facts presented. See generally ECF. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Jesus Garcia-Gracia from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the

Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE